# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK K MUBIRU,<br><br>   Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK, N.A.,<br><br>   Defendant. | Case No.  1:23-cv-01597-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT<br><br>(ECF No. 10) |

Plaintiff Frank K. Mubiru filed this action on November 13, 2023, against Defendant Wells Fargo Bank, N.A.  (ECF No. 1.)  On February 21, 2024, Plaintiff filed proof of service on Defendant.  (ECF No. 6.)  On February 27, 2024, Defendant filed an answer to Plaintiff's complaint including proof of service.  (ECF Nos. 8, 9.)  On March 8, 2024, Plaintiff filed a motion for entry of default.  (ECF No. 10.)

Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process.  Yue v. Storage Technology Corp., No. 3:07-cv-05850, 2008 WL 361142, *2 (N.D. Cal. Feb. 11, 2008).  Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  After entry of default, the plaintiff can seek entry of default judgment.  Fed. R. Civ.

P. 55(b)(1) and (2). "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." In re Hammer, 940 F.2d 524, (9th Cir. 1991) (internal punctuation and citations omitted).

In this instance, Defendant filed an answer to the complaint on February 27, 2024, and is defending this action. Additionally, the proof of service shows that a copy of the answer was mailed to Plaintiff at his address of record on February 27, 2024. Accordingly, Plaintiff is not entitled to entry of default.

Based on the foregoing, Plaintiff's motion for entry of default, filed March 8, 2024, is HEREBY DENIED.

IT IS SO ORDERED.

Dated: __**March 11, 2024**__

UNITED STATES MAGISTRATE JUDGE

2