# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK K MUBIRU, | Case No. 1:23-cv-01597-SAB |
| Plaintiffs, | ORDER RE MOTION TO CONTINUE SCHEDULING CONFERENCE |
| v. | CONTINUING INITIAL SCHEDULING CONFERENCE TO APRIL 25, 2024 |
| WELLS FARGO BANK, N.A., | **MARCH 21, 2024 DEADLINE** |
| Defendants. | (ECF No. 11) |

On March 15, 2024, Plaintiff, proceeding *pro se* and having paid the filing fee, filed a motion requesting a change of conference date, which the Court construes a motion to continue the initial scheduling conference currently set for March 26, 2024 at 9:30 a.m. in Courtroom 9. (ECF No. 12.)  Plaintiff contends the action "is not procedurally in the posture" to move forward with the mandatory scheduling conference on the scheduled date because (1) Defendant did not serve an answer to the complaint on the Plaintiff and (2) there is a pending motion requesting entry of default.  (ECF No. 12 at 1-2.)

The Court shall continue the scheduling conference, but not for the reasons proffered by Plaintiff.  On March 11, 2024, the Court denied Plaintiff's motion for entry of default (ECF No. 11) because Defendant filed a proof of service that shows a copy of the answer that was filed in this Court on February 27, 2024 (ECF No. 8) was mailed to Plaintiff on February 27, 2024 (ECF

1

1 No. 9).  However, in reviewing the proof of service, it appears Defendant made a typographical 2 error in Defendant's mailing address, mailing the documents to "Darmouth Avenue" instead of 3 "Dartmouth Avenue."  (ECF No. 9 at 2.)  The Court is unaware if this error caused Plaintiff's 4 purported nonreceipt of the answer.

5 Irrespective of the clerical error during service, Defendant timely answered the complaint 6 and has expressed an intent to defend the action.  See Bertram v. Heinzler, 2011 WL 3889719 7 (E.D. Cal. 2011) ("While the Court may have been able to enter default against Defendants in 8 this action, that entry of default would most likely have been set aside upon Defendants 9 appearance and a showing of good cause.")  The Court notified Plaintiff as such in its March 11, 10 2024 order denying his motion for entry of default.  (ECF No. 11.)  Given Plaintiff's instant 11 motion is dated four days after the Court's motion denying the entry of default, Plaintiff is 12 reminded he must be familiar with the orders issued by this Court when litigating his action. 13 However, the Court is cognizant that the above-noted clerical error may have caused issues with 14 service of the answer.  The Court shall therefore order Defendant to re-serve its answer and will 15 continue the scheduling conference to allow the parties to adequately prepare a joint scheduling 16 conference statement.

17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## V.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant shall re-serve a copy of its answer and notice of interested parties on Plaintiff at his correct address of record and shall provide the Court with a declaration indicating proof of service **no later than March 21, 2024**;

2. The Court shall continue the initial scheduling conference currently set for March 26, 2024 to **April 25, 2024 at 1:30 p.m. in Courtroom 9**; and

3. The parties are reminded that they shall file a joint scheduling conference statement **seven (7) days** prior to the scheduling conference.

IT IS SO ORDERED.

Dated:   **March 18, 2024**

UNITED STATES MAGISTRATE JUDGE