# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK K MUBIRU,<br><br>         Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>         Defendant. | Case No.  1:23-cv-01597-SAB<br><br>ORDER REQUIRING FRANK K MUBIRU TO SHOW CAUSE IN WRITING WHY MONETARY SANCTIONS SHOULD NOT BE IMPOSED FOR FRIVOLOUS FILINGS<br><br>**SEVEN DAY DEADLINE** |

**I.**

**BACKGROUND**

Plaintiff Frank K. Mubiru, proceeding *pro se* and having paid the filing fee, filed this action on November 13, 2023, against Defendant Wells Fargo Bank, N.A. (ECF No. 1.)  On February 20, 2024, the Court issued an order requiring Plaintiff to file a status report, given Plaintiff's failure to comply with this Court's order requiring prompt filing of proof of service of the summons and complaint. (ECF Nos. 3, 4.)  On February 21, 2024, Plaintiff filed proof of service of the summons and complaint on Defendant. (ECF No. 6.)

On February 27, 2024, Defendant filed an answer to Plaintiff's complaint including proof of service.[1] (ECF Nos. 8, 9.)

---

[1] On March 18, 2024, the Court noted Defendant made a clerical error in Defendant's mailing address and ordered Defendant promptly re-serve its answer no later than March 21, 2024. (ECF Nos. 13, 15.)  On March 20, 2024, Defendant timely filed proof of service of its answer on Plaintiff's correct address. (ECF No. 17.)

1

1         On March 8, 2024, Plaintiff filed a motion for entry of default. (ECF No. 10.) On March 11, 2024, the Court denied Plaintiff's request for entry of default because Defendant filed an answer to the complaint on February 27, 2024, and is defending this action. (ECF No. 11.)

        On March 15, 2024, four days after this Court issued an order informing Plaintiff that Defendant had answered the complaint, Plaintiff filed a motion to continue the scheduling conference because (1) Defendant did not serve an answer to the complaint on the Plaintiff and (2) there was a pending motion requesting entry of default. (ECF No. 12.) The Court again notified Plaintiff that Defendant had filed its answer in this action on February 27, 2024 and reiterated Plaintiff was not entitled to entry of default. (ECF No. 13 at 2-3.) In that order, the Court reminded Plaintiff that "he must be familiar with the orders issued by this Court when litigating his action." (Id. at 3.) In an abundance of caution, the Court granted Plaintiff's request and continued the scheduling conference to April 25, 2024 at 1:30 p.m. in Courtroom 9.

        On March 27, 2024, Plaintiff filed a renewed motion requesting entry of default. (ECF No. 19.) In his renewed motion for entry of default judgment, Plaintiff acknowledges he is in receipt of Defendant's answer. (ECF No. 19 at 2.)

## II.

## LEGAL STANDARD

        The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to "secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).

        The Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for

1 imposition by the Court of any and all sanctions authorized by statute or Rule or within the
2 inherent power of the Court." L.R. 110. "Courts have the ability to address the full range of
3 litigation abuses through their inherent powers." F.J. Hanshaw Enterprises, Inc. v. Emerald River
4 Dev., Inc., 244 F.3d 1128, 1136 (9th Cir. 2001). "While it is preferable that courts utilize the
5 range of federal rules and statutes dealing with misconduct and abuse of the judicial system, courts
6 may rely upon their inherent powers to sanction bad faith conduct even where such statutes and
7 rules are in place." Id. at 1136–37.

### III.

### DISCUSSION

On March 11, 2024, the Court informed Plaintiff that Defendant filed an answer to the complaint on February 27, 2024. (ECF No. 11.) On March 15, 2024, the Court reiterated that Defendant had filed an answer to the complaint and, given his *pro se* status, cautioned Plaintiff that he must be familiar with the Court's orders during this litigation. (ECF No. 15.) The Court was on notice that Plaintiff had not yet received Defendant's filed answer and provided adequate relief by continuing the scheduling conference and requiring that Defendant re-serve its answer. Defendant promptly re-served its answer on March 20, 2024. (ECF No. 17.) However, on March 27, 2024, Plaintiff filed a "renewed" motion requesting entry of default despite this Court's two previous orders, while simultaneously acknowledging he received Defendant's answer on March 22, 2024. (ECF No. 19.) The Court finds Plaintiff's instant request amounts to bad faith.

Plaintiff's multiple filings on issues already addressed delays this heavily impacted Court from addressing matters brought in good faith. The Court's time is better spent addressing matters brought in good faith. See Snyder v. I.R.S., 596 F. Supp. 240, 252 (N. D. Ind. 1984) ("[T]he doors of this courthouse are open to good faith litigation, but abuse of the judicial process . . . will not be tolerated."). Plaintiff's frivolously filed requests for entry of default of a Defendant who has answered, while Plaintiff is in receipt of that answer, will cannot now be ignored. Therefore, the Court shall issue an order requiring Plaintiff to show cause in writing why the Court should not impose monetary sanctions for his frivolous filings made in bad faith.

**IV.**

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that within **seven (7) days** of entry of this order, Plaintiff shall show cause in writing as to why monetary sanctions should not be imposed for his frivolous filings requesting entry of default.

IT IS SO ORDERED.

Dated:   **March 28, 2024**

UNITED STATES MAGISTRATE JUDGE